HENRIETTA STEIN, INC., Respondent, v. ATLANTIC MUTUAL INSURANCE COMPANY, Defendant, Impleaded with NORTHERN ASSURANCE COMPANY, LTD., OF LONDON, ENGLAND, Appellant.— Determination unanimously affirmed, with costs and disbursements. No opinion. Present — Martin, P. J., O'Malley, Townley, Glennon and Untermyer, JJ.

WILLIAM W. BACHMANN, Appellant, v. NEW YORK CITY TUNNEL AUTHORITY, Respondent.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Martin, P. J., O'Malley, Townley, Glennon and Untermyer, JJ.

MICHELE PICCIANO, as Administrator, etc., of WILLIAM PICCIANO, Deceased, Appellant, v. THE CITY OF NEW YORK, Respondent, Impleaded with Others, Defendants.— Judgment unanimously reversed, with costs to the appellant, and a new trial ordered. (See Bloom v. Jewish Board of Guardians, 286 N. Y. 349.) Present — Martin, P. J., O'Malley, Townley, Glennon and Untermyer, JJ.

LOUISE BLAZEJ, Appellant, v. FRANCES ALDA, Respondent.— Judgment unanimously reversed, with costs to the appellant, and a new trial ordered, on the ground that there are issues of fact which should have been submitted to the jury. Present — Martin, P. J., O'Malley, Townley, Glennon and Untermyer, JJ.

CLUFF & PICKERING, LTD., Appellant, v. LEWIS N. COTLOW, Respondent.— Judgment and order unanimously reversed, with costs, and the motion denied. The judgment in the prior action between the parties is not res judicata on the question of the existence of defendant's claimed lien on the stock. (Karameros v. Luther, 279 N. Y. 87.) Present — Martin, P. J., O'Malley, Townley, Glennon and Untermyer, JJ.

(February 27, 1942.)

ANDREW DITMAR, Appellant, v. THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Respondent.

PER CURIAM. The allegations of the complaint concerning the effect of the decree of the Soviet government are allegations of fact which necessitate a trial of those issues. This is not inconsistent with the decisions in Appel v. New York Life Ins. Co. (285 N. Y. 629) and Dougherty v. Equitable Life Assurance Society (266 id. 71) where the same decree was considered and interpreted on the record then before the court. We are further of opinion that the causes of action which were stricken out by Special Term are governed by the Statute of Limitations applicable to sealed instruments. Those instruments are the foundation of the plaintiff's claim, which entitle him to recover by operation of law if we assume the facts alleged to be true. (Compare Herter v. Mullen, 159 N. Y. 28; Dolan v. Rodgers, 149 id. 489; Houston & Texas Central Ry. Co. v. Southern Architectural Cement Co., 112 Tex. 139; 245 S. W. 644.)

The order should be reversed, with twenty dollars costs and disbursements, and the motion denied.

Present — Martin, P. J., O'Malley, Townley, Glennon and Untermyer, JJ.

Order unanimously reversed, with twenty dollars costs and disbursements, and motion denied.