## PENNSYLVANIA ET AL. *v.* BOARD OF DIRECTORS OF CITY TRUSTS OF THE CITY OF PHILADELPHIA.

No. 769.   Decided April 29, 1957.

*Thomas D. McBride,* Attorney General, and *Lois G. Forer,* Deputy Attorney General, for the Commonwealth of Pennsylvania, *Abraham L. Freedman* and *David Berger* for the City of Philadelphia et al., and *William T. Coleman, Jr., Raymond Pace Alexander* and *Louis Pollak* for Foust et al., appellants.

*Owen B. Rhoads* for appellee.

PER CURIAM.

The motion to dismiss the appeal for want of jurisdiction is granted.   28 U. S. C. § 1257 (2).   Treating the papers whereon the appeal was taken as a petition for writ of certiorari, 28 U. S. C. § 2103, the petition is granted.   28 U. S. C. § 1257 (3).

Stephen Girard, by a will probated in 1831, left a fund in trust for the erection, maintenance, and operation of a "college."   The will provided that the college was to

admit "as many poor white male orphans, between the ages of six and ten years, as the said income shall be adequate to maintain." The will named as trustee the City of Philadelphia. The provisions of the will were carried out by the State and City and the college was opened in 1848. Since 1869, by virtue of an act of the Pennsylvania Legislature, the trust has been administered and the college operated by the "Board of Directors of City Trusts of the City of Philadelphia." Pa. Laws 1869, No. 1258, p. 1276; Purdon's Pa. Stat. Ann., 1957, Tit. 53, § 16365.

In February 1954, the petitioners Foust and Felder applied for admission to the college. They met all qualifications except that they were Negroes. For this reason the Board refused to admit them. They petitioned the Orphans' Court of Philadelphia County for an order directing the Board to admit them, alleging that their exclusion because of race violated the Fourteenth Amendment to the Constitution. The State of Pennsylvania and the City of Philadelphia joined in the suit also contending the Board's action violated the Fourteenth Amendment. The Orphans' Court rejected the constitutional contention and refused to order the applicants' admission. 4 D. & C. 2d 671 (Orph. Ct. Philadelphia). This was affirmed by the Pennsylvania Supreme Court. 386 Pa. 548, 127 A. 2d 287.

The Board which operates Girard College is an agency of the State of Pennsylvania. Therefore, even though the Board was acting as a trustee, its refusal to admit Foust and Felder to the college because they were Negroes was discrimination by the State. Such discrimination is forbidden by the Fourteenth Amendment. *Brown* v. *Board of Education,* 347 U. S. 483. Accordingly, the judgment of the Supreme Court of Pennsylvania is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

*It is so ordered.*