Walter N. **CURRY**, Plaintiff,

v.

Larry W. **LUNDY**, Defendant,

and

**Robert Creshaw**, Defendant,

Supt. **Alfred T. Rundle**, State Correctional Institution, at Graterford.

Civ. A. No. 70–662.

United States District Court, E. D. Pennsylvania.

March 16, 1970.

Walter N. Curry, pro se.

## OPINION

MASTERSON, District Judge.

Presently before this court is plaintiff's petition for leave to proceed in forma pauperis. The complaint is styled as a Civil Rights Action and suit is brought under 42 U.S.C.A. § 1983.[1]

The substance of plaintiff's complaint is that defendants Lundy and Creshaw, who are fellow inmates of the plaintiff at Graterford, allegedly conspired to destroy plaintiff's "personal and legal court property." In addition, it is alleged that Lundy fraudulently induced the plaintiff to pay money to Lundy for the purchase of a law book which was apparently never received by the plaintiff. On the basis of the above, plaintiff seeks judgment against Lundy and Creshaw for the sum of $4,000.00.

There are two essential elements for a cause of action under 42 U.S.C.A. § 1983: (1) that conduct complained of was done by some person acting under color of state or local law; and (2) that such conduct deprived plaintiff of rights, privileges or immunities secured to him by the Constitution and laws of the United States. Fatal to the instant complaint is its failure to meet the first requirement, supra, in that defendants, Lundy and Creshaw, in their capacity as prisoners, were not acting under color of state or local law.[2] Accordingly, plaintiff's petition for leave to proceed in forma pauperis will be denied as the complaint is plainly lacking in merit. Lockhart v. D'Urso, 408 F.2d 354 (3rd Cir. 1969).[3]

---

1. Petitioner also cites 28 U.S.C.A. § 2408 as conferring jurisdiction on this Court but that section is not applicable. This Court has jurisdiction over Civil Rights actions under 28 U.S.C.A. § 1343.

2. We note that Alfred T. Rundle, who is the superintendent of the institution where plaintiff is incarcerated, was named in the caption but was not designated as a defendant. The body of the complaint makes no factual allegations concerning Rundle, nor are damages sought against him. We must conclude, then, that the inclusion of Rundle in the caption was mere surplusage.

3. Even if we were to read the complaint as stating a cause of action under 42 U.S.C.A. § 1985 it would be subject to the same infirmity, to wit, that the named defendants were not acting under color of state or local law. Insofar as plaintiff's complaint can be construed to enumerate various forms of civil actions (fraud, deceit, breach of contract) we are without jurisdiction since neither diversity of citizenship is alleged nor is the requisite jurisdictional amount in controversy.