Cooke, J.
(concurring). I concur in the result reached by the majority.
In essaying the validity of the Authority’s classification of *556 general purpose franchised bus operations and special purpose franchised bus operations, certain fundamentals must be kept in mind. The Triborough Bridge and Tunnel Authority, a public corporation (Public Authorities Law, § 552; General Construction Law, §§ 65, 66) created by the State (Public Authorities Law, art 3, tit 3; see L 1933, ch 145) and an agent of the State (Bachmann v New York City Tunnel Auth., 47 NYS2d 767, 769, affd 263 App Div 945, app dsmd 288 NY 707, cert den 317 US 675), is subject to the equal protection clause of the Fourteenth Amendment (Burton v Wilmington Parking Auth., 365 US 715; Cooper v Aaron, 358 US 1, 17; Pennsylvania v Board of Trusts, 353 US 230; cf. People v Ditniak, 28 NY2d 74, 78). Equal protection does not require that all persons be dealt with identically, but it does require that a distinction which is made have some relevance to the purpose for which the classification is established (Baxstrom v Herold, 383 US 107, 111). If any state of facts reasonably may be conceived to justify the particular classification here employed, it must be upheld (Matter of Association of Bar of City of N.Y. v Lewisohn, 34 NY2d 143, 156).
The classification of the Authority is not entitled to approval on the proposition that in exercising a toll-fixing power it was engaging in taxation and, therefore, arbitrary selection and discrimination were permissible, so long as the classification was not "so purely arbitrary as to have no reason, not even an insufficient or merely plausible reason, to justify it”. This is so simply because tolls and taxes are not the same. In Sands v Manistee Riv. Improvement Co. (123 US 288) the Supreme Court stated: "There is no analogy between the imposition of taxes and the levying of tolls for improvement of highways; and any attempt to justify or condemn proceedings in the one case, by reference to those in the other, must be misleading. Taxes are levied for the support of government, and their amount is regulated by its necessities. Tolls are the compensation for the use of another’s property, or of improvements made by him; and their amount is determined by the cost of the property, or of the improvements, and considerations of the return which such values or expenditures should yield. The legislature, acting upon information received, may prescribe, at once, the tolls to be charged; but, ordinarily, it leaves their amount to be fixed by officers or boards appointed for that purpose, who may previously inspect the works, and ascertain the probable amount of business which will be *557 transacted by means of them, and thus be more likely to adjust wisely the rates of toll in conformity with that business. This subject, like a multitude of other matters, can be better regulated by them than by the legislature. * * * The whole subject is one of administrative regulation, in which a certain amount of discretionary authority is necessarily confided to officers entrusted with its execution. Should there be any gross injustice in the rate of tolls fixed, it would not, in our system of government, remain long uncorrected.”
The majority states that "[t]o differentiate toll charges according to the purpose of most of the passengers is a permissible basis”. If this is the basis and if it relates to the purpose for which the classification between the general purpose buses and special purpose buses was made, the distinction may be upheld (see Smith v Cahoon, 283 US 553, 567). The congestion at the facilities of the Authority at peak hours, with its attendant delays, dangers and expense, and the lessening of these disadvantages, by encouragement of greater use of mass transportation by commuters, who otherwise might resort to private vehicles, add up to a conceivable reason justifying the classification.
Judges Jasen, Gabrielli, Jones and Fuchsberg concur with Chief Judge Breitel; Judge Cooke concurs in result in a separate opinion in which Judge Wachtler concurs.
Order reversed, with costs in all courts to appellant, the orders and judgments of Supreme Court, New York County, vacated, and judgment granted in favor of appellant Authority in accordance with the opinion herein.