696 F.2d 69
 Don McVARISH, Appellant,
v.
MID-NEBRASKA COMMUNITY MENTAL HEALTH CENTER (M.N.C.M.H.C.);
Rita Parle, individually and as director of M.N.C.M.H.C.;
Dr. William Landis, Chairman of the Board; Ed Scott, Vice
Chairman; Mary Stalker, Secretary; Joseph Higgins,
Treasurer; Henry Bonsall, Trustee; Irene Abernathy,
Trustee; Richard Huber, Trustee; Michael Gloor, Trustee;
Paul Kemling, Trustee; Gerald Hruza, Trustee; Arvid
Stranberg, Trustee; Clara Krolikowski, Trustee; Dale
Mulligan, Trustee; and Wilbur Fuss, Trustee; Appellees.
 No. 82-1282.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Nov. 9, 1982.
Decided Dec. 27, 1982.
 
 Walter M. Calinger, of Wall, Wintroub & Weiner, Omaha, Neb., for appellant.
 James D. Livingston, of Cunningham, Blackburn, VonSeggern, Livingston, Francis & Riley, Grand Island, Neb., for appellees.
 Before LAY, Chief Judge, HENLEY, Senior Circuit Judge, and ARNOLD, Circuit Judge.
 ARNOLD, Circuit Judge.
 
 
 1
 Don McVarish filed suit alleging that the Mid-Nebraska Community Mental Health Center fired him in violation of his due process rights under the Fifth and Fourteenth amendments. The District Court held that the action of the Center, plaintiff's employer, was not state action and dismissed on the pleadings for lack of jurisdiction. We hold that there was state action and that McVarish properly alleged federal jurisdiction. We reverse and remand for further proceedings.
 
 
 2
 In 1963 Congress passed the Community Mental Health Centers Act (CMHCA), 42 U.S.C. Secs. 2681 et seq. (1963) (repealed 1981). It authorized funds for the development of public and other nonprofit community mental health centers. States wishing to take advantage of these funds had to devise programs for the administration of mental health care programs. 42 U.S.C. Sec. 2684 (1963) (repealed 1981). The Nebraska Comprehensive Community Mental Health Services Act (CCMHSA), Neb.Rev.Stat. Secs. 71-5001 et seq. (1976 & Supps.1980, 1981), establishes such a state program. The defendant Center came into being pursuant to Nebraska's Interlocal Cooperation Act, Neb.Rev.Stat. Secs. 23-2201 et seq. (1976), and the CCMHSA, as part of Nebraska's plan for implementing community mental health services envisioned by the CMHCA. The Interlocal Cooperation Act enables local government units to make agreements for providing government services jointly.
 
 
 3
 The defendants in this case are the Center, its director, and its Board of Trustees. The Center employed McVarish as a program evaluator from March 1, 1980, until February 9, 1981, when he was discharged. McVarish contends that since he was employed for longer than six months he had attained "permanent status" and was entitled to a hearing before the Board prior to termination under defendants' "Administrative and Personnel Policies" manual.
 
 
 4
 The Fourteenth Amendment provides in part that "[n]o state shall ... deprive any person of life, liberty, or property without due process of law." It "erects no shield against merely private conduct, however discriminatory or wrongful." Blum v. Yaretsky, --- U.S. ----, 102 S.Ct. 2777, 2785, 73 L.Ed.2d 534 (1982), quoting Shelley v. Kraemer, 334 U.S. 1, 13, 68 S.Ct. 836, 842, 92 L.Ed. 1161 (1948). Where, however, there is state action, a constitutional question arises, and federal jurisdiction may be asserted. Deciding whether there is state action in a particular case is not always easy. "Only by sifting facts and weighing circumstances can the nonobvious involvement of the State in private conduct be attributed its true significance." Burton v. Wilmington Parking Authority, 365 U.S. 715, 722, 81 S.Ct. 856, 860, 6 L.Ed.2d 45 (1961). State action is not necessarily present merely because an entity is funded, even wholly funded, by the state, Blum v. Yaretsky, supra 102 S.Ct. at 2789; Rendell-Baker v. Kohn, --- U.S. ----, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982), or because it is subject to state regulation, Jackson v. Metropolitan Edison Co., 419 U.S. 345, 350, 95 S.Ct. 449, 453, 42 L.Ed.2d 477 (1974). State action exists, however, when there is so close a nexus between the state and the challenged act of an ostensibly private organization that the state can be said to be responsible. Blum v. Yaretsky, supra, 102 S.Ct. at 2786.
 
 
 5
 The Center and its Board acted as an arm of twelve counties, which are creatures of the State. The Center was created under authority granted by the CCMHSA and the Interlocal Cooperation Act. The Interlocal Cooperation Act enables counties to cooperate to provide services and facilities to their citizens. The CCMHSA provides that "[a]ny combination of counties operating under the provisions of the Interlocal Cooperation Act shall appoint a governing board which shall govern and supervise the operation of the comprehensive communities mental health services program offered within their geographical boundaries ...." Neb.Rev.Stat. Sec. 71-5004 (1976). We have here, then, a governing board appointed by governmental units specifically for the purpose of allowing the participating governments to supervise and allocate resources efficiently. Moreover, the statute requires that the governing board consist of "one member from each of the county board of supervisors or county commissioners as represented by the Interlocal Cooperation Act." Id. At oral argument defendants informed us that there were seventeen members of the board and that twelve were either appointed by or actual members of county boards of supervisors or commissioners. Where the government is so closely involved in supervising a given activity, state action exists. Evans v. Newton, 382 U.S. 296, 301, 86 S.Ct. 486, 489, 15 L.Ed.2d 373 (1966); Pennsylvania v. Board of Trusts, 353 U.S. 230, 77 S.Ct. 806, 1 L.Ed.2d 792 (1957) (per curiam).
 
 
 6
 In Pennsylvania v. Board of Trusts, supra, the Board of Directors of City Trusts of the City of Philadelphia administered a private will which left a fund in trust for the erection and operation of a college which maintained racially discriminatory admissions policies. The Court held that although the Board was acting as a trustee, its refusal to admit plaintiffs on the basis of race was discrimination by the state and forbidden by the Fourteenth Amendment. The Court reaffirmed Pennsylvania v. Board of Trusts in Evans v. Newton, noting that a city's serving as trustee of property under a private will was an obvious example of state action. Evans v. Newton, supra, 382 U.S. at 299, 86 S.Ct. at 488. The Court, moreover, explicitly held that as long as the state is substantially involved in the "management or control" of a private entity, state action exists. Id. at 301, 86 S.Ct. at 489. The Center seeks to characterize itself as in some sense a "private" organization. Even if this characterization is proper for some purposes, the fact remains that the Center's governing Board, the very entity that voted to discharge plaintiff without a hearing, thus depriving him, it is claimed, of property without due process of law, was predominantly made up of governmental officials or their appointees. The Center's action is therefore action of the State for purposes of the Fourteenth Amendment.
 
 
 7
 There was state action, and the complaint, as amplified by the briefs filed below, sufficiently alleged federal jurisdiction. The judgment is reversed, and the cause remanded for further proceedings consistent with this opinion.
 
 
 8
 It is so ordered.