508 A.2d 628

The City of Philadelphia, Trustee Under the Will of Stephen Girard, Deceased, (Girard College), Appellant *v.* Local 473, International Brotherhood of Firemen and Oilers, AFL-CIO, Appellee.

Argued April 8, 1986, before Judges CRAIG, DOYLE and COLINS, sitting as a panel of three.

*John J. McAleese, Jr.,* with him, *Kenneth M. O'Brien, McAleese, McGoldrick & Susanin,* for appellant.

No appearance for appellee.

OPINION BY JUDGE COLINS, April 30, 1986:

The City of Philadelphia, Trustee under the Will of Stephen Girard, acting by the Board of Directors of City Trusts (appellant) appeals from an order by the Court of Common Pleas, Philadelphia County, granting summary judgment in favor of Local 473, International Brotherhood of Firemen and Oilers, AFL-CIO (appellee).

A collective bargaining agreement between Girard College and Local 473 (Local), covering employees located at Girard College, provided for a retirement allowance which is computed on the basis of accumulated sick leave.

On November 27, 1978, an arbitrator awarded to grievants their accumulated unused sick leave at the time of their retirement in accordance with the accumulated sick pay provision in the agreement. However, the City of Philadelphia, as Trustee, refused to honor the award. This refusal was based upon the City Solicitor's construction of Section 1 of the Act of June 12, 1913, P.L. 492, 53 P.S. §631, which would appear to limit first class cities' payment of sick leave to employees to actual sickness, not in connection with severance. Accordingly, the Board of City Trusts brought an action in the Court of Common Pleas of Philadelphia County to vacate the arbitrator's award. The court denied the Board's request, concluding that the employees in question were not municipal employees subject to the limitations of 53 P.S. §631. We agree, and accordingly affirm.

The City of Philadelphia raises three issues on appeal. The second and third are rendered moot by this Court's disposition of the first.

The City of Philadelphia argues that their administration of the assets which comprise the Girard Estate and Girard College renders all employees of the college employees of the City of Philadelphia. This is fallacious legal reasoning. The two grievants claimed under a collective bargaining agreement to which the parties were the Local and Girard College; the City was not a party to that agreement and the grievants are not, therefore, municipal employees. The City contends that the designation of "Girard College" as a party to the agreement was one chosen merely because it was shorter than "The City of Philadelphia, Trustee, under the Will of Stephen Girard, Deceased, acting by the Board of Directors of City Trusts." We cannot ignore the clear terms of the agreement in order to accept appellant's totally unsubstantiated speculation.

While it is undisputed that the (Philadelphia) Board of City Trusts is required to administer the funds of the Estate of Stephen Girard, the actual administration of the school, as well as the conduct of labor relations, is done by the administration of the college.

The City of Philadelphia attempts to argue that a United States Supreme Court opinion, *Commonwealth of Pennsylvania v. The Board of Directors of City Trusts of the City of Philadelphia (Girard Will Case)*, 353 U.S. 230, 77 S. Ct. 806, 1 L.Ed. 2nd 792 (1957), requires that all employees of Girard College be considered employees of the City of Philadelphia. That case held that the Board of Directors of City Trusts of the City of Philadelphia, as an agency of the Commonwealth of Pennsylvania, was forbidden from operating, even as trustee of private funds, an establishment which excludes all but poor white male orphans. It hardly follows that the Supreme Court's finding state action for Fourteenth Amendment purposes is controlling in determining who is the employer of employees of Girard College.

Finally, we note that there is nothing in the record to indicate that the Board of City Trusts, prior to the grievance, ever attempted to repudiate the agreement entered into between Local 473 and Girard College. Therefore, our acceptance of the arbitration award is required, given the applicable standard of review. An arbitration award based on an interpretation of a collective bargaining agreement must be accepted by the courts if the interpretation can in any rational way be derived from the agreement, viewed in light of its language and content, and any other indicia of the parties' intent. *International Brotherhood of Firemen and Oilers, Local 1201, AFL-CIO v. Board of Education of the School District of Philadelphia,* 500 Pa. 474, 457 A.2d 1269 (1983).

For the aforementioned reasons, we find that the grievants were not municipal employees and, therefore, the arbitrator's award did not violate the applicable law.

Accordingly, we affirm the order of the Court of Common Pleas.

## ORDER

AND Now, this 30th day of April, 1986, the order of the Court of Common Pleas, Philadelphia County, January Term, 1979, No. 1678, dated September 5, 1984, is hereby affirmed.