**Robert MIDDLETON and Welton Hardy, Plaintiffs,**

v.

**Kenneth McGINNIS, Gary Gabry, Margie McNutt, Ronald Gach, Jessie River, Andrea Morse, Evin Fobbs, Stephen Marschke, Joseph McCarroll, L. Kathryn Holt and Veronica Madrigal, Defendants.**

No. 93–CV–74123.

United States District Court,
E.D. Michigan,
Southern Division.

Aug. 11, 1994.

Robert L. Middleton, pro se.

Welton K. Hardy, pro se.

Christine M. Campbell, Michigan Dept. of Atty. Gen., Corrections Div., Lansing, MI, for defendants.

### MEMORANDUM OPINION AND ORDER

ANNA DIGGS TAYLOR, District Judge.

Plaintiffs Robert Middleton and Welton Hardy, currently incarcerated at the Adrian Temporary Facility in Adrian, Michigan, brought this action pursuant to 42 U.S.C. § 1983, against the Michigan Parole Board for eliminating mandatory inmate interviews from their administrative rules. Plaintiffs assert that this alteration violates the *ex post facto* clause of the United States Constitution because it removes the alleged board-created liberty interest of prisoners in parole interviews. Defendants moved for dismissal pursuant to Fed.R.Civ.P. 12(b)(6), and Plaintiffs replied with motions 1) to strike the Defen-

dants' response pursuant to Fed.R.Civ.P. 12(f), and 2) to sanction Defendants pursuant to Fed.R.Civ.P. 11.

### I.

■ The court may grant Defendants' motion to dismiss for Plaintiffs' failure to state a claim upon which relief can be granted as a matter of law if, accepting Plaintiffs' complaint as fact and viewing the circumstances in a light most favorable to the Plaintiffs, it is beyond a doubt that Plaintiffs can prove no set of facts to support their claim that would entitle them to relief. *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976), *Janan v. Trammell,* 785 F.2d 557, 558 (6th Cir.1986). When applying this standard, and particularly where civil rights are involved, the court holds the *pro se* plaintiff to a less stringent standard of review, and their pleadings are liberally construed. *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976).

### II.

■ Plaintiffs' complaint that the Michigan Parole Board violated their constitutional rights by changing its codified administrative procedures is unfounded.

Until 1982, Michigan statutes appeared to require that the parole board conduct a hearing for each prisoner eligible for parole at least one month prior to the expiration of that prisoner's minimum sentence.[1] Plaintiffs contend that the statutory "shall" created in the Parole Board a mandatory duty to conduct the hearings, which in turn gave prisoners a liberty interest in those hearings. Plaintiffs further contend that the statute, which was amended by our legislature in 1982 to eliminate that requirement, violates the *ex post facto* clause because the parole hearings guideline was excised[2]. However, the law is settled that state statutes and

---

1. "The release of a prisoner on parole shall be granted *solely upon the initiative of the parole board.* At least one month prior to the expiration of the minimum term of each prisoner eligible fore parole ... *it shall be the duty of the parole board* to cause each prisoner to be brought before it ..." Mich.Comp.Laws § 791.235 (1977). [emphases added].

2. "The release of a prisoner on parole shall be granted solely upon the initiative of the parole board. The parole board may grant a parole without interviewing a prisoner." Mich.Comp. Laws § 791.235 (1984).

regulations governing prison hearings create no independent constitutional due process liberty interest when the procedural rules in question do not detract from the parole board's ultimate discretion to grant or deny parole. *Sweeton v. Brown,* 27 F.3d 1162 (6th Cir.1994), *Olim v. Wakinekona,* 461 U.S. 238, 250, 103 S.Ct. 1741, 1748, 75 L.Ed.2d 813 (1983), *Inmates of the Orient Correctional Institute v. Ohio State Adult Parole Authority,* 929 F.2d 233, 249 (6th Cir.1991), *Beard v. Livesay,* 798 F.2d 874, 879 (6th Cir.1986). At most, Plaintiffs had a mere expectation in such hearings from their interpretation of the earlier statute. *Olim v. Wakinekona,* 461 U.S. at 250 n. 12, 103 S.Ct. at 1748 n. 12, *Bills v. Henderson,* 631 F.2d 1287, 1298–99 (6th Cir.1980), *Greenholtz v. Inmates of the Nebraska Penal & Correctional Complex,* 442 U.S. 1, 7, 99 S.Ct. 2100, 2103–04, 60 L.Ed.2d 668 (1979).

■ A substantive constitutional interest must exist to claim *ex post facto* clause protection. *Collins v. Youngblood,* 497 U.S. 37, 52, 110 S.Ct. 2715, 1724, 111 L.Ed.2d 30 (1990). The expectation of parole hearings, when the grant of parole itself is fully discretionary regardless of hearings, does not rise to the level of a constitutionally protected liberty or property interest.

### III.

■ Plaintiffs must demonstrate, to prevail in a claim under 42 U.S.C. § 1983, that conduct which 1) deprived them of a federally protected interest was 2) committed by a person acting under color of state law. *Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 1912–13, 68 L.Ed.2d 420 (1981), *Jones v. Duncan,* 840 F.2d 359, 361–62 (6th Cir. 1988). Though the Michigan legislature and Parole Board clearly act under color of state law, there is no constitutional liberty interest breached solely by an administrative decision not to hold parole hearings which were no longer statutorily required, and not necessary to or inevitably followed by a decision to release. Since no substantive constitutional right has been denied, Plaintiffs have failed to plead a prima facie case under 42 U.S.C. § 1983. Accordingly, this court must grant the motion to dismiss.

As Plaintiffs' complaint fails to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6), Defendants' motion to dismiss must be and hereby is GRANTED, and Plaintiffs' motions to strike defendants' 12(b)(6) move for dismissal and Rule 11 sanctions are DENIED as MOOT.

IT IS SO ORDERED.

### *JUDGMENT*

This matter having come before the Court, and the Court having entered its Memorandum Opinion and Order. Now, therefore,

It is ORDERED AND ADJUDGED that Defendants' motion for dismissal is GRANTED, and the above-captioned civil case is DISMISSED.

IT IS SO ORDERED.