**D. Samuel GOODELL, Plaintiff,**

v.

**Mark Tyler ANTHONY, Defendant,**

**No. 01–10186–BC.**

United States District Court,
E.D. Michigan,
Northern Division.

July 31, 2001.

D. Goodell, St. Louis, MI, pro se.

### OPINION AND ORDER SUMMARILY DISMISSING PLAINTIFF'S COMPLAINT

LAWSON, District Judge.

Plaintiff, D. Samuel Goodell, presently confined at the Pine River Correctional Facility in St. Louis, Michigan, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. The defendant is a fellow inmate, and also is plaintiff's cell mate.[1] The plaintiff alleges that the defendant planted contraband in the bunk of a third cell mate and made a false misconduct report, resulting in confiscation of plaintiff's materials which he needed to file legal papers in state court. Plaintiff has been allowed to proceed *in forma pauperis*, and this Court has reviewed the complaint to determine if the claims are frivolous under portions of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915(e)(2) and 1915A. Because the Court finds that the complaint is frivolous and devoid of merit, the Court will dismiss the complaint *sua sponte*.

I.

Plaintiff's complaint alleges a violation of his First Amendment right of access to the courts. The complaint alleges that on March 31, 2001, defendant Mark Tyler Anthony, a fellow inmate and cell mate of plaintiff's at the Pine River Correctional Facility, planted a homemade weapon known as a "shank" underneath the mattress of Jason E. Wright, another inmate who shared a cell with plaintiff and defendant. The defendant then filed a report with prison authorities in which he claimed that Wright had a shank hidden underneath his mattress. Officers from the Michigan Department of Corrections subsequently searched the cell shared by plaintiff, defendant, and Wright. During this search, unnamed officers confiscated two reams of typing paper that plaintiff had legally acquired while incarcerated at the Thumb Correctional Facility. Although plaintiff informed the officers that he had acquired this typing paper legally and offered to show them proof that he had the right to possess the paper, the typing paper was confiscated and plaintiff was issued a Contraband Removal Report along with a Notice of Intent to Conduct an Administrative Hearing on April 1, 2001.

Plaintiff's administrative hearing was not conducted until April 4, 2001. Plaintiff does not indicate what the result of the hearing was or whether he received back his typing paper. However, plaintiff indicates that a brief was due in a case that he had pending before the 30th Circuit Court in Lansing, Michigan, in which he was appealing an unrelated major misconduct ticket that he received while incarcerated. Because of the confiscation of his typing paper, plaintiff indicates that he was re-

---

1. The plaintiff's fellow inmate, who is also his cell mate, is the only named defendant although plaintiff refers to other individuals in his complaint, including prison officials. However, he does not direct his complaint against any state employees.

quired to file for an extension of time with the 30th Circuit Court to file his brief, although plaintiff does not indicate whether that extension has been granted or denied. Plaintiff also does not indicate that the appeal of his major misconduct ticket has been dismissed by the 30th Circuit Court.

Plaintiff claims that as a result of defendant's unlawful behavior in the "abuse of the prison disciplinary system by trying to set up another inmate," his right to pursue an appeal of a major misconduct ticket was infringed and he was prevented from filing a timely brief in the 30th Circuit Court in Lansing, Michigan to have his major misconduct ticket vacated. Plaintiff seeks nominal damages against the defendant in the amount of one dollar, punitive damages in the amount of $250,000, the costs of his suit, and any other relief "within the power and authority" of this Court.

## II.

### A.

Plaintiff has been allowed to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a); *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—

. . . . .

(B) the action or appeal—

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

■ A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct.

1827, 104 L.Ed.2d 338 (1989); *see also Denton v. Hernandez,* 504 U.S. 25, 32, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). "A complaint lacks an arguable basis in law or fact if it ... is based on legal theories that are indisputably meritless." *Brown v. Bargery,* 207 F.3d 863, 866 (6th Cir.2000)(citing *Neitzke,* 490 U.S. at 327–28, 109 S.Ct. 1827). A complaint fails to state a claim "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown,* 207 F.3d at 867. *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F.3d at 612.

■ A *pro se* litigant's complaint is to be construed liberally, *Middleton v. McGinnis,* 860 F.Supp. 391, 392 (E.D.Mich.1994)(citing *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)); that is, they are held to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Such complaints, however, must plead facts sufficient to show a legal wrong has been committed from which plaintiff may be granted relief. Fed.R.Civ.P. 12(b); *Dekoven v. Bell,* 140 F.Supp.2d 748, 755 (E.D.Mich.2001)

### B.

■ To establish a *prima facie* case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar,* 156 F.3d 673, 677 (6th Cir.1998) (citing *Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward,* 241 F.3d 530, 532 (6th Cir.2001).

■ The pending complaint lacks an arguable basis in law because plaintiff has not established that defendants acted under color of state law. Defendants appear to be private citizens. The Court recognizes that private citizens engaged in joint activity with state officials act under color of state law for purposes of section 1983. *Dennis v. Sparks*, 449 U.S. 24, 27–28, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Redding*, 241 F.3d at 533. As recently explained by the Supreme Court,

> [i]f the Fourteenth Amendment is not to be displaced ... its ambit cannot be a simple line between States and people operating outside formally governmental organizations, and the deed of an ostensibly private organization or individual is to be treated sometimes as if a State had caused it to be performed. Thus, we say that state action may be found if, though only if, there is such a "close nexus between the State and the challenged action" that seemingly private behavior "may be fairly treated as that of the State itself." *Jackson* [*v. Metropolitan Edison Co.*, 419 U.S. 345, 351, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974)].
>
> What is fairly attributable is a matter of normative judgment, and the criteria lack rigid simplicity. From the range of circumstances that could point toward the State behind an individual face, no one fact can function as a necessary condition across the board for finding state action; nor is any set of circumstances absolutely sufficient, for there may be some countervailing reason against attributing activity to the government. *See* [*National Collegiate Athletic Assn. v. Tarkanian*, 488 U.S. 179, 193, 196, 109 S.Ct. 454, 102 L.Ed.2d 469 (1988)]; *Polk County v. Dodson*, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509[ ] (1981).
>
> Our cases have identified a host of facts that can bear on the fairness of such an attribution. We have, for example, held that a challenged activity may be state action when it results from the State's exercise of "coercive power," *Blum* [*v. Yaretsky*, 457 U.S. 991, 1004, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982)], when the State provides "significant encouragement, either overt or covert," *ibid.*, or when a private actor operates as a "willful participant in joint activity with the State or its agents," *Lugar* [*v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 941, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982)] (internal quotation marks omitted). We have treated a nominally private entity as a state actor when it is controlled by an "agency of the State," *Pennsylvania v. Board of Directors of City Trusts of Philadelphia*, 353 U.S. 230, 231, 77 S.Ct. 806, 1 L.Ed.2d 792[ ] (1957) (per curiam), when it has been delegated a public function by the State, *cf., e.g., West v. Atkins*, [487 U.S. 42, 56, 108 S.Ct. 2250 (1988)]; *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 627–628, 111 S.Ct. 2077, 114 L.Ed.2d 660[ ] (1991), when it is "entwined with governmental policies" or when government is "entwined in [its] management or control," *Evans v. Newton*, 382 U.S. 296, 299, 86 S.Ct. 486, 15 L.Ed.2d 373[ ] (1966).

*Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, ——, 121 S.Ct. 924, 930, 148 L.Ed.2d 807 (2001)(footnote omitted).

■ However, "the mere furnishing of information to police officers who take action thereon does not constitute joint action under color of state law which renders a private actor liable under § 1983." *Lee v. Town of Estes Park, Colo.*, 820 F.2d 1112, 1115 (10th Cir.1987); *see also Weisman v. Sherry*, 514 F.Supp. 728, 733

(M.D.Pa.1981)(acknowledging that "a private citizen does not perform state action by simply furnishing the authorities with allegations later used in a prosecution.").

Defendant Anthony is plaintiff's fellow inmate at the Pine River Correctional Facility. Numerous cases have held that an inmate is not a state actor or a person acting under the color of state law for purposes of stating a claim under § 1983. *See, e.g., Nobles v. Brown,* 985 F.2d 235, 238 (6th Cir.1992)(prison guard who was taken captive and raped by an inmate could not show breach of the due process clause for purposes of civil rights claim; it was not prison officials who took the guard captive and assaulted her, it was an inmate, and the inmate was not acting under color of state "statute, ordinance, regulation, custom, or usage"); *Lacy v. Berge,* 921 F.Supp. 600, 611 (E.D.Wis.1996)(inmate who was not a government employee, and who was not acting under color of state law when he fought with another inmate, was not subject to suit under § 1983); *Butler v. Jenkins,* 450 F.Supp. 574, 575 (E.D.Tenn.1978)(complaint alleging that plaintiff, while incarcerated at the county jail, was stabbed by a fellow inmate, failed to state a cause of action against the fellow inmate for deprivation of plaintiff's constitutional rights, since fellow inmate was not a person acting under color of state law); *Simmons v. Maslysnky,* 45 F.R.D. 127, 128–29 (E.D.Pa.1968)(civil rights action against fellow prisoner who stabbed plaintiff was dismissed where plaintiff alleged no facts to show that at the time of the stabbing, the defendant was "exercising powers vested in him by the state."). In a case involving allegations similar to plaintiff's claim, a federal district court held that a prisoner's allegations that two other prisoners conspired to destroy his personal and legal court property failed to state a cause of action under § 1983 because the other prisoners were not acting under color of state or local law.

*Curry v. Lundy,* 314 F.Supp. 344, 345 (E.D.Pa.1970).

■ In the present case, plaintiff's complaint against defendant Anthony fails because he has alleged no facts which would suggest that Anthony was acting under color of state law at the time that he planted the shank under Wright's mattress. There are no allegations that state officials either encouraged or coerced Anthony into planting this weapon in the cell. Plaintiff does not even allege that Anthony initiated this activity for the purpose of having plaintiff's legal materials confiscated. Because plaintiff has failed to show or allege that defendant Anthony was acting under the color of state law at the time he engaged in planting the weapon in the cell, plaintiff has failed to state a claim upon which relief can be granted under § 1983.

### C.

■ Finally, plaintiff's complaint fails to state a cognizable claim for another reason: he has failed to allege that he has been prejudiced by the defendant's actions. Although plaintiff claims that the confiscation of his typing paper prevented him from filing a timely brief in his appeal pending before the 30th Circuit Court, necessitating the motion for an extension of time to file a brief in this case, plaintiff does not allege that his request for a time enlargement was denied or that his appeal was dismissed as a result of his failure to timely file a brief in his case. A prisoner's constitutional right of access to the courts must be adequate, effective, and meaningful. However, even if the Court were to find state action, in order to state a claim of constitutional deprivation an inmate must first show that the action caused some actual injury, that is, that an actual denial of access to the court has occurred. *Hudson v. Johnson,* 619 F.Supp. 1539, 1544 (E.D.Mich.1985). In order to state a

claim for denial of meaningful access to the courts, a prisoner must plead and prove prejudice stemming from the asserted violation. *Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir.1996); *see also Boswell v. Mayer,* 169 F.3d 384, 387 (6th Cir.1999). Where a plaintiff in a civil rights suit fails to allege any litigation-related detriment, his claim is properly dismissed. *Pilgrim,* 92 F.3d at 416.

In the present case, plaintiff alleges that the confiscation of his typing paper prevented him from filing his appeal on time, but he does not allege that the 30th Circuit Court has denied his request for an extension of time to file a late brief or has dismissed his appeal. Plaintiff has therefore failed to show that he was actually prejudiced by defendant's actions for the purpose of sustaining an access to courts claim. *See Martin v. Lane,* 766 F.Supp. 641, 646 (N.D.Ill.1991)(prisoner failed to establish any prejudice as a result of his inability to gain access to law library or meet with law clerks while prison was in lockdown; although lack of access to library caused him to delay submission of motion papers, he was not penalized for his late filing). At most, plaintiff has merely alleged that the defendant's actions compelled him to request an extension of time to file his brief with the 30th Circuit Court. This allegation by itself and in combination with the remaining allegations in plaintiff's complaint is insufficient to establish a denial of the right to access to the courts. *Hadley v. Peters,* 841 F.Supp. 850, 859 (C.D.Ill.1994)(inmate in civil rights action against prison officials failed to show deprivation of meaningful access to the courts, even if officials refused to honor inmate's request for legal assistance while in segregation unit, where inmate did not demonstrate any detriment to his litigation, despite necessity of filing motion for extension of time); *see also Howard v. Leonardo,* 845 F.Supp. 943, 947 (N.D.N.Y. 1994).

III.

 The complaint lacks an arguable basis in law, and the Court has no discretion in permitting plaintiff to amend his complaint to avoid a *sua sponte* dismissal. *McGore,* 114 F.3d at 612. "If a complaint falls within the requirements of § 1915(e)(2) when filed, the district court should *sua sponte* dismiss the complaint." *Id.*

Accordingly, it is **ORDERED** that the complaint is **DISMISSED** as frivolous pursuant to § 1915(e)(2)(B). Based on the preceding order, this Court certifies that any appeal by plaintiff would be frivolous and not in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States,* 369 U.S. 438, 445, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962); *McGore,* 114 F.3d at 609.