Rosalind P. MOORE, as parent & natural guardian of John Doe, minor; Rosalind P. Moore, in her own right, Appellant,

v.

BOARD OF DIRECTORS OF CITY TRUSTS, Girard College Board of Managers, the Estate of Stephen Girard, the Administrators of the Estate of Stephen Girard.

Commonwealth Court of Pennsylvania.

Argued Oct. 5, 2000.
Decided Jan. 18, 2001.
Publication Ordered Oct. 28, 2002.

Rhonda Hill Wilson, Philadelphia, for appellant.

Howard A. Rosenthal, Philadelphia, for appellee.

BEFORE: DOYLE, President Judge, LEADBETTER, J., and LEDERER, Senior Judge.

OPINION BY Judge LEADBETTER.

Rosalind Moore sued Girard College, its Board of Managers and the Board of Directors of City Trusts (Board) to recover damages for injuries sustained by her son while he was a boarding student at the school. Defendants, in preliminary objections, asserted sovereign immunity premised upon the contention that the Board of Directors of City Trusts is the state agency created by statute to administer the College and that the College and its managers have no independent legal existence apart from the Board. The Court of Common Pleas of Philadelphia County sustained the preliminary objections and dismissed the complaint with prejudice. We affirm.

In her complaint, Moore avers that Girard College and its Board of Managers breached duties in contract and tort to keep her son safe from the physical and sexual abuse he suffered at the hands of fellow students.[1] In the caption of her complaint, Moore lists as a defendant the Board of Directors of City Trusts,[2] however, the complaint contains no averment concerning the Board's legal relationship to Girard College or the Board's rights and duties to students at the College. In their preliminary objections, defendants assert that "neither the College nor its Board of Managers has any legally separate existence apart from the Board and they cannot be sued independently." Defendants further assert that the Board is immune from suit as a Commonwealth agency. The court of common pleas agreed.

■ Common pleas reasoned that: pursuant to statute, the Board possesses all duties and powers in the management and control of Girard College; "Girard College, its staff, and the Board are one and the same;" and, "the Board is a Commonwealth agency for purposes of sovereign immunity." Having concluded that Moore's claim can only be asserted against the Board, a party immune from liability, common pleas dismissed the complaint. Thereafter Moore filed the present appeal. On appeal, Moore concedes that suit against the Board is barred by the immunity afforded to Commonwealth agencies pursuant to Article I, § 11 of the Pennsylvania Constitution, 1 Pa.C.S. § 2310 and 42 Pa.C.S. §§ 8501, 8521–8522. However, she contends that Girard College is a charitable trust existing separately from the Board and operated on a day to day basis by a board of managers who are employees of the trust. Based on this contention, Moore argues that sovereign immunity does not apply to bar suit against the College and its managers and therefore the court of common pleas erred in sustaining preliminary objections and dismissing the complaint.

■ In reviewing an order sustaining preliminary objections, we accept as true the well-pleaded material facts in the complaint and all reasonable inferences arising therefrom. *Willet v. Medical Catastrophe Loss Fund*, 549 Pa. 613, 619–620, 702 A.2d 850, 853 (1997). However, we are not bound by assertions in the complaint that amount to conclusions of law, expressions of opinion or unreasonable inferences.

---

1. The complaint sets forth, in three counts, claims for: negligence in the supervision of students and the hiring and training of personnel; breach of contract duties to Moore and her son as third party beneficiaries of a contract between the Commonwealth and the school to provide educational services; and fraudulently misrepresenting the school as safe and secure despite knowledge of prior incidences of sexual abuse.

2. The Board is identified in the caption as "City Board of Trustees as Trustees of the Estate of Stephen Girard."

*Giordano v. Ridge,* 737 A.2d 350, 352 (Pa. Cmwlth.1999). We will affirm the dismissal of a complaint on preliminary objections only where it is clear and free from doubt that plaintiff is unable to maintain a cause of action. *Willet,* 549 Pa. at 619, 702 A.2d at 853. In the present case, the issue as to whether Moore can recover damages directly from the College or its managers is a question of law over which we exercise plenary review.

■ The Board was established by the Act of June 30, 1869, P.L. 1276, 53 P.S. §§ 16365–16370, to administer estates bequeathed to the City of Philadelphia including in particular Girard College, which was established by bequest from Stephen Girard in trust to the city of Philadelphia. Under the terms of the statute, Girard College and the Board are not distinct legal entities. *See School Dist. of Lancaster v. Lake Asbestos of Quebec, Ltd.,* 56 F.3d 515, 521 (3d Cir.1995). "[T]o sue Girard College, you must sue the Board of Directors as its trustee." *Id.* This tenet underlays the conclusion of the United States Supreme Court in *Pennsylvania v. The Board of Directors,* 353 U.S. 230, 77 S.Ct. 806, 1 L.Ed.2d 792 (1957). The Court held that the College's refusal to admit two students on the basis of their race constituted state action prohibited under the Fourteenth Amendment because "[t]he Board which operates Girard College is an agency of the State of Pennsylvania." *Id.* at 231, 77 S.Ct. 806. The Court's holding is based on the premise that Girard College does not act independently of the Board charged by statute with control over all aspects of College's operations. *See In re School Asbestos Litigation,* 56 F.3d at 521.

Pursuant to the statutory assignment of all "duties, rights and powers" concerning the property and estate dedicated to the city by Girard, the Board has sole control of the assets of Girard College. See 53 P.S. § 16365. Therefore, Moore's claim for damages, directed as it must be to the only entity capable of satisfying a judgment, cannot survive the immunity that she has conceded cloaks the Board. The court of common pleas properly dismissed the complaint.

Accordingly, we affirm.[3]

The decision in this case was reached before the expiration of the appointment of Senior Judge Lederer to the Commonwealth Court by the Supreme Court of Pennsylvania.

### *ORDER*

AND NOW, this 18th day of January, 2001, the order of the Court of Common Pleas of Philadelphia County in the above captioned matter is hereby AFFIRMED.

---

3. There is no merit in the suggestion, at footnote 7 of appellee's brief, that Girard College, its managers and the Board receive an award of attorney's fees incurred in defending this appeal. The appeal is neither frivolous nor vexatious so as to justify the award of fees under Pa. R.A.P. 2744.