**Pottstown School District v. The Hill School**

C.P. of Montgomery County, no. 96-16925.

*Joseph E. Bresnan,* for petitioners.

*Paul Baker Bartle* and *Thomas D. Rees,* for respondent, The Hill School.

*Joan M. Righter, assistant county solicitor,* for respondent, Montgomery County.

LOWE, *S.J.,* June 5, 2000—This is an appeal by the Pottstown School District[1] from an order of the Montgomery County Board of Assessment Appeals, challenging the charitable exemption of The Hill School for the time before its conversion from an all-male to a coeducational private school. On May 20, 1996, the school district and borough filed a petition before the Board of Assessment Appeals seeking to remove The Hill School's tax-exempt status for the parcels set forth in the caption of this opinion. The Board of Assessment Appeals held

---

1. Pottstown Borough no longer contests this exemption, and is not a party to these proceedings.

a hearing, and on August 28, 1996, issued notices of no change in assessment, finding that the existing exemptions would continue for the tax year beginning January 1, 1997.[2]

On March 13, 2000, we heard the appeal on stipulated facts. By order dated March 17, 2000, we sustained the appeal and held The Hill School liable for assessed taxes on these properties. The Hill School filed a timely motion for reconsideration on March 24, 2000. We vacated our March 17, 2000 order and expressly granted reconsideration on April 7, 2000. The parties submitted additional briefs, and presented oral argument on May 8, 2000. We now conclude that The Hill School was exempt from taxation as an institution of purely public charity during the challenged years, and therefore dismiss the school district's appeal.

Article VIII, Section 2(a)(b) of the Pennsylvania Constitution authorizes the General Assembly to exempt from taxation institutions of purely public charity. An exemption is granted by 72 P.S. §5020-204(a), which includes:

"(3) All hospitals, universities, colleges, seminaries, academies, associations and institutions of learning, benevolence, or charity, including fire and rescue stations, with the grounds thereto annexed and necessary for the occupancy and enjoyment of the same founded, endowed, and maintained by public or private charity . . . ."

Similar provisions existed in earlier constitutions and statutes. Over the years the courts developed a five-part test for determining whether an institution is a purely public charity. The entity must:

2. Under 72 P.S. §5349.5 any changes in assessments may only be effective for the next fiscal year following the fiscal year in which the board heard the appeal and rendered its decision.

(1) Advance a charitable purpose;

(2) Donate or render gratuitously a substantial portion of its services;

(3) Benefit a substantial and indefinite class of persons who are legitimate subjects of charity;

(4) Relieve the government of some of its burden; and

(5) Operate entirely free from private profit motive.

*Hospital Utilization Project v. Commonwealth,* 507 Pa. 1, 487 A.2d 1306 (1985); *City of Washington v. Board of Assessment Appeals of Washington County,* 550 Pa. 175, 704 A.2d 120 (1997).

The parties stipulated that from its founding The Hill School was a preparatory school for young men. On April 5, 1997, its board of trustees voted to admit women. They began attending The Hill School on September 5, 1998. At all times The Hill School admitted young men of any race, color, and national or ethnic origin, regardless of their ability to pay tuition. It did not discriminate among young men on the basis of its educational or admissions policies, nor on the basis of its scholarship, loan, athletic, or other school administered programs.

In the stipulation, the school district limited its challenge to The Hill School's tax exemption to the alleged failure to benefit a substantial and indefinite class of persons. The sole reason for this was that the school did not admit women.

On November 26, 1997, during the period for which The Hill School's exemption is challenged, the Institutions of Purely Public Charity Act, Act of November 26, 1997, P.L. 598, 10 P.S §371, was enacted and became effective. The parties agreed, and we find, that this statute codifies the prior case law. It defines, at 10 P.S. §375(e)(2), "Substantial and indefinite class of persons" as:

"Persons not predetermined in number, provided that, where the goods or services are received primarily by members of the institution, membership cannot be predetermined in number and cannot be arbitrarily denied by a vote of the existing members. *This subsection specifically recognizes that the use of admissions criteria and enrollment limitations by educational institutions does not constitute predetermined membership or arbitrary restrictions on membership so as to violate this section and recognizes that an institution may reasonably deny membership based on the types of services it provides, as long as denial is not in violation of federal or state antidiscrimination laws, such as the Civil Rights Act of 1964 (Public Law 88-352, 78 Stat. 241) and the Act of October 27, 1955 (P.L. 744, no. 222), known as the Pennsylvania Human Relations Act.*" (emphasis added)

From the effective date of the Institutions of Purely Public Charity Act forward, admissions criteria and enrollment limitations by educational institutions do not violate the substantial and indefinite class of persons portion of the test if they do not violate federal or state antidiscrimination laws.

It is not a violation of any of those laws for a private primary, secondary or undergraduate educational institution to discriminate in admissions policies on the basis of sex. The relevant federal law limits its application to institutions, programs or activities receiving federal financial assistance. 20 U.S.C. §1681(a). That statute also limits its applicability to admissions to educational institutions to vocational, professional, and graduate schools, and to public undergraduate institutions. 20 U.S.C. §1681(a)(1). Therefore, neither secondary schools

nor private undergraduate schools which receive federal financial assistance violate this Act if they restrict their admissions to one gender.

Pennsylvania's Human Relations Act does not address admissions to schools at all in its enumeration of unlawful discriminatory practices. 43 P.S. §955. The Pennsylvania School Code specifically prohibits public and private schools from refusing to enroll students because of race or color. 24 P.S. §15-1521. The Pennsylvania Fair Educational Opportunities Act, 24 P.S. §5001 et seq., prohibits discrimination on the basis of sex in public schools, but, at 24 P.S. §5009(a) provides that:

"This Act shall not be construed to prohibit any educational institution which is neither state-owned nor state-related, nor state-aided, from drawing its enrollment entirely from members of one sex or from the sexes in any proportion . . . ."

There is, in short, no statutory prohibition against single-gender private, primary, secondary or undergraduate institutions. As a result, The Hill School did not fail to benefit a substantial and indefinite class of persons under Pennsylvania's Institutions of Purely Public Charities Act.

That statute is not applicable during the entire time for which The Hill School's exemption is challenged in this case. Nevertheless, the state and federal civil rights provisions cited are a legislative declaration of public policy which predates the school district's challenge.

No Pennsylvania case to which our attention was directed, or which we are able to find, addresses the question of whether an institution which benefits only a single gender is, by that fact, prohibited from being an institution of purely public charity under the decisional law as it existed prior to the enactment of the Institutions of

Purely Public Charities Act. The Hill School directs our attention to a number of cases where the tax exemptions of single-gender institutions was upheld: *Haverford College v. Rhoads,* 6 Pa. Super. 71 (1896); *Salvation Army v. Allegheny County,* 367 Pa. 373, 80 A.2d 758 (1951); *Wayne County Board of Assessment v. Rolling Hills Girl Scout Council,* 19 Pa. Commw. 484, 353 A.2d 498 (1975); *Scranton Pocono Girl Scout Council v. County Commissioners of Susquehanna County,* 71 Pa. Commw. 528, 455 A.2d 281 (1983). In all these cases the single-gender character of the institution was just a background fact, not the issue on which the exemption was challenged.

The school also cites *Livingwell (North) Inc. v. Pennsylvania Human Relations Commission,* 147 Pa. Commw. 116, 606 A.2d 1287 (1992), *allocatur denied,* 533 Pa. 611, 618 A.2d 401 (1992), for the proposition that exclusion of men does not violate the Pennsylvania Human Relations Act. That case addressed a narrow exception to the Human Relations Act, situations in which, due to modesty, persons would find it uncomfortable to have the opposite sex present. If relevant, *Livingwell (North) Inc.* would relate to locker rooms and bathing facilities. But the Pennsylvania Human Relations Act is inapplicable, because it does not address discrimination in admissions to educational institutions.

The school district cites several cases involving tax exemptions of institutions that did not discriminate on the basis of gender: *Appeal of Bethlen Home of the Hungarian Reformed Federation of America,* 125 Pa. Commw. 315, 557 A.2d 828 (1989); *Mars Area School District v. United Presbyterian Women's Association of North America,* 693 A.2d 1002 (Pa. Commw. 1997), *aff'd,* 554 Pa. 324, 721 A.2d 360 (1998). Again, the non-

discrimination policies are only background facts. The basis for challenging the tax exemptions had nothing to do with gender-based discrimination.

In *City of Washington v. Board of Assessment Appeals of Washington County,* 550 Pa. 175, 704 A.2d 120 (1997), one basis for challenging the tax exemption of Washington and Jefferson College was that it allegedly failed to benefit an indefinite class of persons who are legitimate subjects of charity because the college had admissions requirements, and because some scholarships were granted on the basis of academic achievement, not need. The Supreme Court held that it is not necessary that all the benefits bestowed by a charity go to the financially needy; the existence of academic standards is consistent with an educational institution's charitable status. The Supreme Court cited *Hill School Tax Exemption Case,* 370 Pa. 21, 87 A.2d 259 (1952), for the proposition that:

"Any institution engaged in education of youth is a *'public charity'* if its doors are open to the public generally *or a well-defined class thereof,* subject to reasonable entrance requirements. . . ." 370 Pa. at 26, 87 A.2d at 262. (emphasis added)

The "substantial and indefinite class of persons" need not be the whole world, or, indeed, everyone who presents him or herself to the institution.[3]

---

3. The Hill School argues that a decision denying it an exemption would effectively overrule the Supreme Court's *Hill School Tax Exemption Case,* 370 Pa. 21, 87 A.2d 259 (1952) decision. The school district argues that *Hill School* is neither binding nor is it precedent because previous tax exemption decisions have little precedential value. Since we are upholding The Hill School's exemption we do not reach the question raised by the school district. We note that *Hill School* did not address the school's single-gender admissions policy.

As long as institutions of purely public charity have been exempt from taxation in Pennsylvania, it has been recognized that the substantial and indefinite class of persons may be limited. In *Donohugh v. The Library Company of Philadelphia,* 86 Pa. 306 (1878), the Pennsylvania Supreme Court explained:

"The essential feature of a public use is that it is not confined to privileged individuals, but is open to the indefinite public. It is this indefinite or unrestricted quality that gives it its public character. The smallest street in the smallest village is a public highway of the Commonwealth, and nonetheless so because a vast majority of the citizens will certainly never derive any benefit from its use. So there is no charity conceivable which will not, in its practical operation, exclude a large part of mankind, *and there are few which do not do so in express terms, or by the restrictive force of the description of the persons for whose benefit they are intended.* Thus, Girard College excludes, by a single word, half the public, by requiring that only male children shall be received; the great Pennsylvania Hospital closes its gates to all but recent injuries, yet no one questions that they are public charities in the widest and most exacting sense." [4] (emphasis added)

Single-gender private schools are not unlawful. Restricting a school's admissions to one sex or the other does not prevent the school from serving a substantial

---

4. Although Girard College now admits young women as well as young men, its governing body, the Board of Directors of City Trusts of the City of Philadelphia, is an arm of the Commonwealth. Its policy restricting admissions to white orphans was held invalid in *Commonwealth of Pennsylvania v. Board of Directors of City Trusts of the City of Philadelphia,* 353 U.S. 230, 77 S.Ct. 806 1 L.Ed.2d 792 (1957).

and indefinite class of persons. Since it was stipulated that prior to the time it admitted young women The Hill School met all the other tests to be an institution of purely public charity, we conclude that it is exempt from real estate taxation as an institution of purely public charity under 72 P.S. §5020-204(a)(3). The decisions of the Montgomery County Board of Assessment Appeals concerning the property described by the parcel numbers appearing in the caption of this decision are therefore affirmed.

## ORDER

And now, June 5, 2000, the court finds that respondent The Hill School was an institution of purely public charity during the tax years which are the subject matter of this appeal, and therefore, the appeal from the decision of Montgomery County Board of Assessment Appeals is dismissed, and the orders of the Montgomery County Board of Assessment Appeals are hereby affirmed.[1]

---

1. This is a final determination to which motions for post-trial relief may not be filed. See Pa.R.C.P. 227.1(g).