## CHARTIERS VALLEY SCHOOL DISTRICT, Appellant,

v.

## BOARD OF PROPERTY ASSESSMENT, APPEALS, REVIEW AND REGISTRY OF ALLEGHENY COUNTY, The Jewish Community Center of Pittsburgh, Township of Scott, and Allegheny County.

Commonwealth Court of Pennsylvania.

Argued Feb. 11, 2002.
Decided March 25, 2002.

---

**982** ■ 

Gregory C. Melucci, Pittsburgh, for appellant.

Clifford B. Levine, Pittsburgh, for appellees.

Before McGINLEY, Judge, SIMPSON, Judge, and McCLOSKEY, Senior Judge.

SIMPSON, Judge.

The Chartiers Valley School District (school district) appeals from the order of The Court of Common Pleas of Allegheny County (trial court) that concluded the Jewish Community Center of Pittsburgh (JCC), including its South Hills Branch (the Branch), is an institution of purely public charity under the Institutions of Purely Public Charity Act (Act 55).[1] We affirm.

The trial court reached its conclusion after a three-day bench trial and it affirmed the decision of the Allegheny County Board of Property Assessment Appeals and Review (the Board) that determined the JCC was entitled to this exemption because it is an institution of purely public charity. The bench trial involved the testimony of six witnesses and the admission of sixty exhibits. After outlining the criteria set forth in Section 5 of Act 55,[2] the trial court made seventy findings of fact and twenty conclusions of law and decided that the JCC, including the Branch, is exempt from property taxes for the tax year 1998 and all subsequent tax years.

 The school district appeals to this Court,[3] and asserts that the trial court abused its discretion and committed an

---

1. Act of November 26, 1997, P.L. 508, 10 P.S. §§ 371–385.

2. Section 5 of Act 55 requires that the institution (b) have a charitable purpose, (c) operate free from any private profit motive, (d) donate or render gratuitously a substantial portion of its services, (e) benefit a substantial class of persons who are legitimate subjects of charity and (f) relieve the government of some of its burden. 10 P.S. § 375(b)-(e).

3. This Court's scope of review in a tax assessment appeal is limited to a determination of whether the trial court abused its discretion, committed an error of law or whether its decision is supported by substantial evidence. *Wilson Area School District v. Easton Hospital,* 561 Pa. 1, 747 A.2d 877 (2000).

error of law when it failed to analyze the Branch separately under Act 55's Section 5 requirements. The school district relies on *Appeal of Sewickley Valley YMCA,* 774 A.2d 1 (Pa.Cmwlth.2001) where we affirmed that trial court's holding that some of the Sewickley Valley YMCA's property was not tax exempt, specifically that parcel of its property that housed its fitness center and the part it leased to a rehabilitation center. Similarly, the school district would like this Court to order the trial court to do a separate evaluation of the Branch for the purpose of determining whether the Branch meets Act 55's requirements, thus qualifying as an institution of purely public charity.

In support of its argument, the school district quotes subsection (h) of Section 5 of Act 55[4] and observes that this Court has made a ruling on subsection (h) in *Sewickley.* The school district[5] has failed to point out, however, that the issue on appeal in *Sewickley* was the correct calculation of the taxable square footage of the otherwise non-taxable property of the YMCA. The issue the school district now asks this Court to decide is whether the Branch of an otherwise tax-exempt JCC should be declared a separate institution under Act 55.[6] If the Branch were so separately and independently required to meet Act 55's criteria, the school district next argues that the Branch would not be able to satisfy requirements (d) and (e) of Section 5 of Act 55.

We have reviewed the record presented to the trial court. The school district's accounting expert conceded that he did not dispute the JCC's status as an institution of purely public charity under Act 55, R.R. at 800a. The school district's other expert witness, the owner of a for-profit health and fitness club, testified that he saw the Branch as nothing more than a health club, though he did recognize that health, fitness, and community participation and membership are important public objectives. R.R. at 844a–848a.

The trial court based its decision on its review of Act 55's Section 3, titled "Definitions," 10 P.S. § 373. In that Section "Institution" is defined as "[a] domestic or foreign nonprofit corporation, association or trust or other similar entity." That definition compelled the trial court to look to the corporation, not to any of that cor-

---

**4.** That subsection reads as follows:
 (h) Parcel Review.—
 (1) Nothing in this act shall affect, impair or hinder the responsibilities or prerogatives of the political subdivision responsible for maintaining real property assessment rolls to make a determination whether a parcel of property or a portion of a parcel of property is being used to advance the charitable purpose of an institution of purely public charity or to assess the parcel or part of the parcel of property as taxable based on the use of the parcel or part of the parcel for purposes other than the charitable purpose of that institution. 10 P.S. § 375(h)(1).

**5.** The County joins in the school district's brief.

**6.** The school district claims the Branch should not be classified as a part of the JCC institution as the JCC has two facilities: Squirrel Hill and the Branch. Squirrel Hill is older, larger, has more facilities, offers more programs, and has separate membership fees. Yearly individual membership in Squirrel Hill is $460 and does not include the use of its health/fitness center, which requires an additional $408 fee. The Branch has yearly individual dues of $474 that does include use of its health and fitness center. Both facilities maintain separate internal financial documents and accounting systems and are able to segregate program revenues and operating expenses. Membership in Squirrel Hill and the Branch is reciprocal, with the exception that members assigned to the Branch may not use the Squirrel Hill fitness center. It is from these facts that the school district concludes both facilities are completely separate and should be analyzed separately under Act 55.

poration's unincorporated divisions or branches. *See Lewistown Hospital v. Mifflin County Board of Assessment Appeals*, 706 A.2d 1269 (Pa.Cmwlth.1998), *petition for allowance of appeal denied*, 563 Pa. 679, 759 A.2d 925 (2000), citing *Sacred Heart Healthcare System v. Commonwealth*, 673 A.2d 1021 (Pa.Cmwlth.1996).

*Sacred Heart*, decided before Act 55 became law in 1997, held that activities of related organizations, or multiple corporations, *may not be considered* when considering a single corporation's right to an institution of public charity tax exemption. *Id.* at 1025 (emphasis added). The *Sacred Heart* Court based its analysis on the premise that property taxes are based upon the activities of the taxpayer on the single parcel of land in question. Under such analysis, each *corporation* is a separate and distinct entity and must be considered in a separate and distinct manner for tax purposes. *Id.* (emphasis added).

Act 55 defines the basic unit of evaluation as a corporation, association or trust or other similar entity. The basic unit of evaluation may not be aggregated. *Sacred Heart*. Similarly, the basic unit may not be divided. Our evaluation focuses on a corporation, not on multiple corporations and not on parts of a corporation.

Here, the trial court accurately concluded that, because the Branch was not incorporated separately, it could not be evaluated as a separate institution. The Branch is a part of the JCC corporation. We agree with the trial court's determination that the JCC is an institution as that term is defined in Section 3 of Act 55. 10 P.S. § 373; Trial Court Conclusion of Law No. 4. The trial court also was correct when it found substantial evidence showed the JCC actually and regularly uses the Branch for the advancement of its charitable purposes. Trial Court Conclusions of Law No. 17, citing 10 P.S. § 375(h)(1).

Because of this decision, we have no need to address the school district's second issue that the Branch does not satisfy requirements (d) and (e) of Section 5 of Act 55.

Accordingly, we affirm the decision of the Court of Common Pleas of Allegheny County.

### ORDER

AND NOW, this 25th day of March, 2002, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is affirmed.